```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/7/12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANA MARTINEZ,
                        Plaintiff,

         -v-                                        11 Civ. 7461 (JMF) (RLE)

CITY OF NEW YORK, *et al.*,                        MEMORANDUM OPINION
                                                                 AND ORDER
                        Defendants.
------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Plaintiff Ana Martinez alleges violations of Title VII, 42 U.S.C. § 2000e *et seq.*, the New York State Human Rights Law, New York Executive Law § 290 *et seq.*, and the New York City Human Rights Law, New York Administrative Code § 8-101 *et seq.* Although she filed the instant complaint on October 21, 2011, she filed an earlier complaint alleging identical claims on October 26, 2009. (Complaint, Martinez v. City of New York, No. 09 Civ. 8996 (RJH) (S.D.N.Y. Oct. 26, 2009) (Docket No. 1)). The Honorable Richard J. Holwell, to whom that earlier case was assigned, dismissed that complaint without prejudice for failure to prosecute on February 18, 2011. (Order Adopting Report and Recommendations, No. 09 Civ. 8996 (RJH) (S.D.N.Y. Feb. 18, 2011) (Docket No. 15)). Plaintiff neither contested that dismissal nor sought relief from it at the time. Instead, over eight months later, she filed the present action using an identical complaint. (Docket No. 1).

      On September 21, 2012, Defendant New York City moved to dismiss the present action on the ground that it is time-barred. (Docket No. 24). On October 12, 2012, the date on which Plaintiff's opposition brief was due, Plaintiff filed a Cross-Motion to Vacate the dismissal of the earlier case and to consider the present action a continuation of the prior timely filed Complaint. (Docket No. 28). Plaintiff filed no opposition to Defendant's motion to dismiss. Defendant filed

a Reply Memorandum of Law on October 19, 2012, arguing that Plaintiff's failure to file any opposition to the motion to dismiss constituted abandonment of her claims. (Docket No. 31).

## DISCUSSION

Plaintiff moves to vacate the prior dismissal pursuant to Rules 60(b)(1) and 60(d)(1) of the Federal Rules of Civil Procedure. (Docket No. 28). Relief pursuant to Rule 60(b)(1) must be sought within one year of the entry of the judgment or order. *See* FED. R. CIV. P. 60(c)(1). That time limitation is strict and the Court does not have the power to extend it. *See, e.g.*, *Martha Graham Sch. & Dance Found., Inc. v. Martha Graham Ctr. of Contemporary Dance, Inc.*, 466 F.3d 97, 100 (2d Cir. 2006) ("The one-year limitation period for Rule 60(b) motions is 'absolute.'" (quoting *Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir. 2000)); *see also* 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE, & RICHARD L. MARCUS, FED. PRAC. & PROC. CIV. § 2866 (2d ed. 2012) (explaining that a motion under Rule 60(b)(1) "must be denied as untimely if made more than one year after judgment" and that "the court [does not] have any power to enlarge the time limits of the rule."). Relief pursuant to Rule 60(d)(1), on the other hand, is available only "to prevent a grave miscarriage of justice." *United States v. Beggerly,* 524 U.S. 38, 47 (1998), and requires the movant to demonstrate, among other things, "that [its] own fault, neglect, or carelessness did not create the situation for which [it] seek[s] equitable relief." *Campaniello Imports, Ltd. v. Saporiti Italia S.p.A.*, 117 F.3d 655, 662 (2d Cir. 1997).

Applying these standards here, the Court has no authority to grant Plaintiff the relief she is seeking. First, Plaintiff's motion to vacate was filed well over a year after the dismissal of the prior action, precluding relief pursuant to Rule 60(b)(1). Second, far from proving that Plaintiff's "own fault, neglect, or carelessness did not create the situation for which [she] seek[s] equitable relief," *Id.* at 662, Plaintiff herself concedes that the earlier dismissal was a product of

2

"neglect" (albeit, allegedly excusable neglect) "and/or law office failure." (Pl.'s Cross-Mot. to Vacate at 1) (Docket No. 28). Specifically, Plaintiff seeks relief on the grounds that her counsel had unreliable internet service causing him to miss several notifications from the Court, that he was not proficient in using the ECF system, and that he was distracted and overwhelmed by his mother's illness and eventual death. (Calendar Affirmation ¶¶ 12-16) (Docket No. 30). Although the Court is sorry for Counsel's loss, it does not excuse his "neglect" and "carelessness" in failing to prosecute the prior action, let alone in failing to pursue relief from the earlier dismissal in a more timely fashion.

## CONCLUSION

For these reasons, Plaintiff's Cross-Motion to Vacate dismissal of her earlier complaint is DENIED, and the Clerk of the Court is directed to terminate her motion. (Docket No. 28).

Although Plaintiff failed to file any opposition to Defendant New York City's motion to dismiss, the Court will allow her one week — until **November 14, 2012** — to file a memorandum of law in opposition to the motion. If Plaintiff fails to file any such opposition, the Court will deem her claims abandoned and dismiss the complaint without further notice. If Plaintiff does file such opposition, any reply must be filed within one week.

It is further ORDERED that the conference previously scheduled for October 30, 2012, is adjourned *nunc pro tunc* and *sine die*.

The Clerk of the Court is directed to mail a copy of this Order to *pro se* Defendant Brian Ellis.

SO ORDERED.

Dated: New York, New York
       November 7, 2012

                                            _____
                                            JESSE M. FURMAN
                                            United States District Judge

3