UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

ANA MARTINEZ,

                Plaintiff,

    -v-

CITY OF NEW YORK, *et al.*,

                Defendants.

------------------------------------------------------------------X

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:
> DATE FILED: 12/6/12

11 Civ. 7461 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

On September 21, 2012, Defendant City of New York (the "City") moved to dismiss this case, arguing that, among other things, Plaintiff's Title VII claims were untimely. (Docket No. 24). On October 12, 2012, instead of opposing the City's motion, Plaintiff filed a Cross-Motion to Vacate the dismissal of an earlier identical action that had been timely filed. (Docket No. 28). By Memorandum Opinion and Order dated November 7, 2012, this Court denied Plaintiff's cross-motion, but allowed her a second opportunity to oppose the City's motion to dismiss. (Docket No. 32). Remarkably, Plaintiff filed a memorandum of law styled "Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss," but rather than offering any opposition to Defendant's motion, she asks the Court for precisely the same relief she sought unsuccessfully in her Cross-Motion. (Docket No. 34). That application is denied for the reasons stated in the Court's November 7, 2012 Memorandum Opinion and Order.[1]

---

[1]     Even if the Court were to interpret Plaintiff's memorandum as an improperly styled motion for reconsideration, Plaintiff has failed to cite any facts or law overlooked by the Court that would justify reversing the prior decision. *See, e.g., Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995)) (explaining that "the standard for granting [a Rule 59 motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked").

In its Reply Memorandum of Law in response to Plaintiff's Cross-Motion, the City of New York asked that Plaintiff's claims be deemed abandoned on the basis of her failure to oppose its motion to dismiss. (Docket No. 31). The City of New York now repeats that request in its Reply Memorandum of Law in response to Plaintiff's Opposition Memorandum of Law. (Docket No. 35). A court "may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed." *Lipton v. Cnty of Orange, N.Y.*, 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004); *see also Robinson v. Fischer*, No. 09 Civ. 8882 (LAK) (AJP), 2010 WL 5376204, at *10 (S.D.N.Y. Dec. 29, 2010) (collecting cases). As Plaintiff's entire opposition is premised upon her application to vacate the prior dismissal, an application that this Court previously denied, the Court finds that Plaintiff has failed to respond to Defendant's motion and that her claims are indeed abandoned.

Even if the Court did not deem Plaintiff's claim abandoned, however, it would grant Defendant's motion to dismiss on the merits, as Plaintiff has made no showing that she filed the present action within 90 days of receiving a Right-to-Sue letter from the Equal Employment Opportunity Commission, as required by Title VII. *See* 42 U.S.C. § 2000e-5; *see also, e.g.*, *Jones v. City Sch. Dist. of New Rochelle*, 695 F. Supp. 2d 136, 142 (S.D.N.Y. 2010) (citing *Baldwin Co. Welcome Ctr. v. Brown,* 466 U.S. 147, 149 (1984)) ("To be timely, actions for violations of Title VII must be filed within ninety days after receipt of a right to sue letter from the EEOC."). Her Title VII claims, therefore, must be dismissed. And in the absence of those federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state and city law claims as well as Defendant Brian Ellis's state law counterclaims. *See* 28 U.S.C. § 1367(c)(3); *see also, e.g.*, *Johnson v. St. Barnabas Nursing Home*, 568 F. Supp. 2d 399, 401 (S.D.N.Y. 2008) (declining to exercise supplemental jurisdiction over state and city

employment discrimination claims where plaintiff's Title VII claims were time barred).  These claims are therefore dismissed as well.

For the foregoing reasons, Defendant City of New York's motion to dismiss is GRANTED.  The Clerk of the Court is directed to mail a copy of this Memorandum Opinion and Order to *Pro Se* Defendant Ellis and to terminate this case.

SO ORDERED.

Dated:  New York, New York
      December 6, 2012

                                          JESSE M. FURMAN
                                  United States District Judge